UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MAURICE J. SICARD**                         **CIVIL ACTION**

**VERSUS**                                    **NO: 05-3022**

**ISLAND OPERATING CO., INC., ET AL.**        **SECTION: "K"(2)**

### ORDER AND REASONS

Before the Court is the Motion for New Trial: Alternatively, Motion for Reconsideration (Rec.Doc.No. 103) filed by Defendant Island Operating Company, Inc. ("Island Operating"), wherein Island Operating seeks reconsideration of the Court's Order and Reasons (Rec.Doc.No. 101) regarding Island Operating's Motion for Summary Judgment (Rec.Doc.No. 68).

Defendant's "Motion for New Trial" should more properly be designated as a motion to alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *Ferguson v. Barnhart*, 2003 WL 21714987, at *1 (E.D. La. Jul. 21, 2003), (*quoting Peterson v. CIGNA Group Ins.*, 2002 WL 1268404 (E.D. La. Jun. 5, 2002)). *See St. Paul Mercury Insurance Company v. Fair Grounds Corp., et al.*, 123 F.3d 336, 339 (5th Cir. 1997) (motion to alter or amend under Rule 59(e) is proper motion to contest summary judgment); *Patin v. Allied Signal Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1990) (motion to reconsider entry of summary judgment properly styled a Rule 59(e) motion); *Laverspere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 175 (5th Cir. 1990) (motion that challenges prior summary judgment filed within 10 days of judgment is brought under Rule 59(e)).

This Court has recognized four grounds upon which a Rule 59(e) motion may be granted:

(1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law.  *Peterson v. CIGNA Group Ins*., 2002 WL 1268404, at *2.  The Court has further recognized that "[r]econsideration of a judgment is an extraordinary remedy which courts should use sparingly," *id*., (*see* Wright, Miller & Kane, *Federal Practice & Procedure*: Civil 2d § 2810.1, p.124; *Fields v. Pool Offshore, Inc*., 1998 WL 43217 (E.D. La. Feb. 3, 1998); *Bardwell v. Sharp*, 1995 WL 517120, at 1 (E.D. La. Aug. 30, 1995), and the Fifth Circuit Court of Appeals has instructed that the standard for Rule 59(e) "favors denial of motions to alter or amend a judgment." *Id*. (*quoting Southern Contractors Group, Inc., v. Dynalectric Company*, 2 F.3d 606, 611 (5th Cir.1993)).

In its Order and Reasons (Rec.Doc.No. 11) of February 21, 2007, this Court held that Island Operating was not an additional assured under Sea Boat's insurance policy and that the relevant contractual arrangements did not obligate Sea Boat to indemnify Island Operating. Island Operating contends that the Court erred when it assumed that the limitation provision stating "coverage available to Island Operating hereunder shall be no greater than the coverage required to be provided by C&G" was improperly applied because Island Operating had no contract with C&G.

Island Operating's contention is merely a new argument not presented in the Motion for Summary Judgment. Under the standards set forth in Rule 59(e), a reversal of the Court's previous order is not warranted. Moreover, Island Operating's contention in the instant motion has no merit. The last sentence of the P&I endorsement was clearly meant to limit Sea Boat's obligations to indemnify those who could qualify as additional assureds under its insurance policy. Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration (Rec.Doc.No. 103) is hereby **DENIED**.

New Orleans, Louisiana, on this __2nd__ day of May, 2007.

                                    **STANWOOD R. DUVAL, JR.**
                           **UNITED STATES DISTRICT COURT JUDGE**